UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRANCIS MARIE MARCH,<br><br>            Petitioner,<br><br>v.<br><br>JANELLE CLEMENT,<br><br>            Respondent. | Case No. 4:23-cv-00370-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho state prisoner Francis Marie March ("Petitioner"), challenging Petitioner's state court conviction for first-degree murder. Dkt. 3. Respondent has filed a Motion for Summary Dismissal, arguing that all of Petitioner's claims are procedurally defaulted without legal excuse. Dkt. 12. The Motion is now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. Dkt. 11; *see* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. 7. Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L.

Civ. R. 7.1(d). Accordingly, the Court will enter the following Order granting Respondent's Motion for Summary Dismissal and dismissing this case with prejudice.

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *March v. State*, Docket No. 49223, 2023 WL 2300633 (Idaho Ct. App. March 1, 2023) (unpublished). The facts will not be repeated here except as necessary to explain the Court's decision.

In the Fourth Judicial District Court in Ada County, Idaho, Petitioner pleaded guilty to first-degree murder. She was sentenced to life in prison with 27 years fixed. *State's Lodging B-4* at 1.

On direct appeal, Petitioner argued that her sentence constituted an abuse of discretion under Idaho law. *State's Lodging B-1*. The Idaho Court of Appeals affirmed, and Petitioner did not file a petition for review with the Idaho Supreme Court. *State's Lodging B-4, B-5*.

Petitioner filed a state post-conviction petition, asserting various claims of ineffective assistance of counsel and prosecutorial misconduct; she also claimed her guilty plea was involuntary. *State's Lodging C-1* at 7–15. The Idaho state district court dismissed the petition. *Id.* at 775–805, 915–25.

On appeal from the dismissal of her post-conviction petition, Petitioner argued that trial counsel rendered ineffective assistance at sentencing and that the lower court abused its discretion in denying a motion to conduct discovery. *State's Lodging D-2*. The Idaho

Court of Appeals affirmed the dismissal of the post-conviction petition, and the Idaho Supreme Court denied review. *State's Lodging D-8, D-11*.

In the instant federal habeas corpus petition, Petitioner asserts the following claims:

> In Claim 1, Petitioner asserts that her right to due process was violated because the trial court lacked jurisdiction. This claim is based on an argument that the flag present in the courtroom had yellow fringe. Petitioner alleges that, by virtue of that fringed flag, the trial court was unconstitutionally transformed into a military court.
>
> Claim 2 alleges that the prosecutor committed misconduct by failing to present the second amended information prior to Petitioner's guilty plea and that the trial court lacked jurisdiction as a result. Claim 2 also appears to assert ineffective assistance of counsel based on defense counsel's failure to object on this basis.
>
> Claim 3 asserts a due process violation—as well as a claim of ineffective assistance of counsel—based on the prosecutor's "common scheme" with defense counsel. These actors allegedly conspired to "persuade [Petitioner] to take a guilty plea to felony murder."
>
> Claim 4 asserts (a) that the charging document was insufficient on its face to charge Petitioner, and (b) that counsel was ineffective for failing to challenge it. Specifically, Petitioner claims defense counsel should have made the following arguments: (i) that there could not possibly have been a felony because there was no robbery and because Petitioner had acquired "squatter's rights"; (ii) that the only predicate crime that could have been charged was "family unit embezzlement"; and (iii) that the "specific premises" alleged to have been burgled were not set forth in the charging document.
>
> Finally, Claim 5 alleges trial court error based on the lack of a second amended information prior to Petitioner's

> plea. This claim also restates Petitioner's ineffectiveness claim on this issue.

*Init. Rev. Order*, Dkt. 8, at 2–3.

The Court previously reviewed the Petition and allowed Petitioner to proceed on her claims to the extent those claims "(1) are cognizable—meaning they actually can be heard—in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." *Id*. at 4.

## DISCUSSION

The Rules Governing Section 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

Respondent argues that Petitioner's claims are procedurally defaulted and that no legal excuse for the default exists. For the reasons that follow, the Court agrees.

1. **Procedural Default Standards of Law**

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's

MEMORANDUM DECISION AND ORDER - 4

established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).

Raising a claim "for the first and only time in a procedural context in which its merits will not be considered" except in rare circumstances does not constitute fair presentation. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In addition, presenting a state law claim does not properly exhaust a federal claim, even if the state and federal claims are similar. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam).

General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). For proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at

161–62. Claims are procedurally defaulted in the following situations: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

**2.     Petitioner's Claims Are Procedurally Defaulted**

The most straightforward manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings and compare them to the subject matter of the claims in this action.

On direct appeal, Petitioner argued only that her sentence was excessive under Idaho law. She raised no federal claims in that appeal. In any event, Petitioner did not file a petition for review in the Idaho Supreme Court after the Idaho Court of Appeals affirmed her sentence. Thus, Petitioner's direct appeal could not have exhausted any of her current habeas claims.

On appeal from the dismissal of her post-conviction petition, Petitioner asserted two claims. First, she claimed trial counsel was ineffective at sentencing. Second, she raised a state law claim that the court should have permitted discovery. Neither of these claims are asserted in the instant Petition.

As a result, Petitioner did not present any of her federal constitutional claims to the Idaho Supreme Court. Because it is now too late to do so, the claims are procedurally defaulted. *See Gray*, 518 U.S. at 161–62.

### 3. Petitioner Has Not Shown Cause and Prejudice to Excuse the Procedural Default of His Claims

That Petitioner's claims are procedurally defaulted does not end the inquiry. A federal district court can hear the merits of a procedurally defaulted claim, but only if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default; or (2) a showing of actual innocence. *Murray v. Carrier*, 477 U.S. 478, 488 (1986), *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Petitioner does not argue that she is actually innocent. She does, however, appear to assert that the cause and prejudice exception applies to excuse the default of her claims.

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Ineffective assistance of counsel may constitute cause for a default. For example, the failure on appeal to raise a meritorious claim of trial error—or the failure at trial to

preserve a claim for appeal—may render that claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, for ineffective assistance of counsel—whether at trial or on direct appeal—to serve as cause to excuse a default, that ineffectiveness claim must itself have been separately presented to the state appellate courts. *Id.* ("A claim of ineffective assistance ... generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (internal quotation marks and alteration omitted).

In other words, before a federal court can consider ineffective assistance of trial or direct appeal counsel as cause to excuse the default of an underlying habeas claim, a petitioner generally must have presented the ineffective assistance of counsel claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court. If the ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show an excuse for that separate default, as well. *Id.* at 453 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.").

Here, Petitioner assert two bases for application of the cause and prejudice exception. First, she argues that her pro se status in this case, and the general inadequacy of the library in the facility in which she is confined, excuses the default because pro se litigants are held to less stringent standards than parties represented by counsel. *Pet's*

MEMORANDUM DECISION AND ORDER - 8

*Memo. in Opp.*, Dkt. 17, at 2–6. Second, Petitioner asserts that her direct appeal counsel rendered ineffective assistance by raising only an excessive sentencing claim. *Id.* at 6, 9.

The Court recognizes that prison law libraries generally are not as broadly helpful as one would wish and that, as a pro se prisoner litigant, Petitioner is incarcerated and lacks legal training. She understandably feels that she is at a disadvantage without having counsel to assist her. But this is true of nearly all prisoner cases.

Though the Constitution guarantees prisoners the right to access the courts, that right extends only so far as to ensure that inmates can "*present* their grievances to the courts." *Lewis v. Casey*, 518 U.S. 343, 360 (1996). It does not guarantee that inmates "be able to conduct generalized research" or that they be granted "the wherewithal to transform themselves into litigating engines." *Id.* at 355, 360.

As can be seen from the record in this case, Petitioner has done an adequate job of representing herself to date. Her difficulties in more skillfully litigating her habeas claims are simply "incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355. Petitioner has not shown that her status as a pro se prisoner hindered her ability to pursue her claims.

Moreover, Petitioner was represented by counsel throughout her state court proceedings. Petitioner's current status as a pro se litigant in federal court does not constitute cause to excuse her past failure to raise her claims in *state* court.

As for Petitioner's appellate attorney's alleged ineffectiveness, Petitioner has not shown that she properly exhausted any such claim in the state courts. Nor has Petitioner established a separate excuse for that default. *See Edwards*, 529 U.S. at 452–53.

MEMORANDUM DECISION AND ORDER - 9

Therefore, direct appeal counsel's alleged ineffectiveness cannot serve to excuse the procedural default of Petitioner's claims.

## CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner's habeas claims are procedurally defaulted without legal excuse. Therefore, the Court must dismiss the Petition.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 12) is GRANTED, and the Petition is DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: October 30, 2024

_____
Honorable Candy W. Dale
U.S. Magistrate Judge